UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| **OSMANI RAMIREZ-MORALES**, | § |
| | § |
| *Petitioner*, | § |
| v. | § |
| | §  EP-25-CV-00476-DCG-RFC |
| **TODD M. LYONS, et al.**, | § |
| | § |
| *Respondents*. | § |

### ORDER TO SHOW CAUSE

On this day, the Court considered Petitioner Osmani Ramirez-Morales' Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [hereinafter "Pet."], ECF No. 1. The above-captioned case was assigned to Senior United States District Judge David C. Guaderrama, who then referred the matter to the undersigned Magistrate Judge. *See* Order Referring Matter to U.S. Magistrate Judge, ECF No. 3.

Petitioner alleges that he is being held in violation of Sections 1225 and 1226 of the Immigration and Nationality Act ("INA"), Section 706(2) of the Administrative Procedure Act ("APA"), and the Fifth Amendment. *Id.* at 7–8. He requests, *inter alia*, that the Court assume jurisdiction over his claims and order the Respondents to show cause as to why such a writ should not be granted. *Id.* at 9.[1] For the following reasons, the Court **ASSUMES JURISDICTION** over the Petition and **ORDERS RESPONDENTS TO SHOW CAUSE**.

---

[1] Petitioner further requests that the Court (1) order that Petitioner "not be transferred outside of the Western District of Texas (El Paso) while this habeas is pending"; (2) declare Petitioner's detainment unlawful; (3) issue a writ of habeas corpus requiring the Respondents release Petitioner; and (4) grant any other relief the Court deems proper. The Court declines to make a determination on these issues at this time, reserving decision pending further submissions from the parties.

## I. BACKGROUND

Petitioner is a lawful permanent resident of the United States, who was arrested after entering the United States without inspection. Pet. 8. Following his arrest, Petitioner was placed in removal proceedings and detained in the Immigration and Customs Enforcement ("ICE") Service Processing Center in El Paso, Texas. *Id.* at 2.

While in ICE custody, Petitioner requested a redetermination hearing pursuant to 8 C.F.R. § 1236. Pet. Ex. A, ECF No. 1–2 at 1. On September 4, 2025, Immigration Judge Stephen Ruhle ordered that Petitioner be released from custody under bond. *Id.* However, the following day, the Board of Immigration Appeals ("BIA") issued a precedential decision, *Matter of Yajure-Hurtado*, 29 I&N Dec. 216, 229 (BIA 2025), in which it held that immigration judges lack authority to hear requests for bond where the respondent is determined to be an applicant for admission. Judge Ruhle subsequently issued an "Amended Order of the Immigration Judge," revoking Petitioner's bond on September 8, 2025. Pet. Ex. B, ECF No. 1–3 at 1. In support of this revocation, the amended order provided only that the immigration court had "[n]o jurisdiction, per *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025)." *Id.* As of October 16, 2025, Petitioner has remained in detention. Pet. 8.

## II. DISCUSSION

Unless it is apparent from the petition that a petitioner is not entitled to relief, a court "entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." 28 U.S. Code § 2243.

As a threshold matter, district courts may not grant writs of habeas corpus unless the claims fall "within their respective jurisdictions." 28 U.S.C. § 2241. The court "does not have jurisdiction

to consider the merits of a § 2241 petition, unless the petitioner or his custodian is also located there. *Lee v. Wetzel*, 244 F.3d 370, 373 n.3 (5th Cir. 2001) (quoting *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir.2000)) (citing *Braden v. 30th Judicial Circuit Court,* 410 U.S. 484, 495 (1973)). Thus, before ruling on a petition, a court should find that the petition is "filed in the district with jurisdiction over the prisoner or his custodian." *Id.* at 374. Petitioner files his petition under 28 U.S.C. § 2241 and is currently being detained at an ICE Service Processing Center in the Western District of Texas. Pet. 1–2. As such, Petitioner meets the threshold jurisdictional requirements.

The Court acknowledges that additional jurisdictional barriers may exist, particularly in the context of immigration habeas petitions. Nevertheless, several courts within this district have recently considered habeas petitions involving ICE detainees who were denied bond or bond hearings pursuant to the BIA's decision in *Matter of Yajure-Hurtado*, 29 I&N Dec. 216 (BIA 2025), and exercised jurisdiction over those claims. *See, e.g., Hernandez-Fernandez v. Lyons*, No. 5:25-CV-00773-JKP, 2025 WL 2976923, at *3–6 (W.D. Tex. Oct. 21, 2025) (assuming jurisdiction and holding that 8 U.S.C. § 1252(g), § 1252(a)(5), § 1252(b)(9), and § 1226(e) did not pose a jurisdictional bar); *Vieira v. De Anda-Ybarra*, No. EP-25-CV-00432-DB, 2025 WL 2937880, at *2 (W.D. Tex. Oct. 16, 2025) (assuming jurisdiction and rejecting respondent's arguments that 8 U.S.C. §§ 1252(g) and (b)(9) stripped the court of jurisdiction); *Lopez-Arevelo v. Ripa*, No. EP-25-CV-337-KC, 2025 WL 2691828, at *3 (W.D. Tex. Sept. 22, 2025) (assuming jurisdiction and holding 8 U.S.C. § 1252(a)(5), § 1252(g), and § 1226(e) did not strip court of jurisdiction). Accordingly, the Court does not presently find that it lacks jurisdiction over Petitioner's claims. The Court will thus assume jurisdiction over the Petition.[2]

---

[2] To the extent Respondents wish to argue that jurisdictional bars apply, they may present those arguments in their Answer.

The Court further does not find that it is otherwise apparent from the application that Petitioner is not entitled to relief.  Therefore, the Court finds that it is appropriate for Respondents to be ordered to show cause as to why Petitioner's writ should not be granted.

### III.   CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Respondents file an Answer to the Petition **on or before Monday, November 3, 2025**, in which they **SHOW CAUSE** why such a writ should not be granted.

**IT IS FURTHER ORDERED** that Petitioner may file a **REPLY** in support of his Petition **no later than Friday, November 7, 2025**.

**IT IS FINALLY ORDERED** that this matter is **SET** for a **HEARING** before Magistrate Judge Robert F. Castañeda on **Thursday, November 13, 2025**, at 9:00 a.m. in Courtroom 612, United States Courthouse, 525 Magoffin Ave., El Paso, Texas 79901.  The parties are directed to appear at the hearing prepared to address the merits of the case and submit any supporting evidence.  The parties are advised that, following this hearing, Magistrate Judge Robert F. Castañeda will issue a report and recommendation to address the requests contained in the Petition, which may be denied or adopted by United States District Judge David C. Guaderrama following consideration of any written objections by the parties.  *See* Order Referring Matter to U.S. Magistrate Judge.

**SIGNED** this 27th day of October, 2025.

_____
**ROBERT F. CASTAÑEDA**
**UNITED STATES MAGISTRATE JUDGE**