UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| OSMANI RAMIREZ-MORALES, | § | |
| | § | |
| *Petitioner*, | § | |
| v. | § | |
| | § | EP-25-CV-00476-DCG-RFC |
| TODD M. LYONS, et al., | § | |
| | § | |
| *Respondents*. | § | |

## ORDER PARTIALLY ACCEPTING REPORT AND RECOMMENDATION AND GRANTING WRIT OF HABEAS CORPUS

Petitioner Osmani Ramirez-Morales ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 challenging his immigration detention under 8 U.S.C. § 1225(b).[1] The Court referred the Petition to U.S. Magistrate Judge Robert F. Castañeda for a Report and Recommendation ("R. & R.").[2]  On November 21, 2025, Judge Castañeda issued an R. & R. recommending that the Court grant the Petition.[3]  As explained below, the Court will accept that R. & R. with modifications.[4]

## I.  BACKGROUND

Petitioner is a Cuban citizen and lawful permanent resident of the United States.[5]  He entered the United States without inspection on June 27, 2025.[6]  Shortly thereafter, Immigration

---

[1] *See generally* Pet., ECF No. 1.

[2] Referral Order, ECF No. 3; *see also* 28 U.S.C. § 636(b)(1)(B); W.D. TEX. L.R. APP'X C, Rule 1(d)(1)(C).

[3] R. & R., ECF No. 15.

[4] *See* 28 U.S.C. § 636(b)(1)(C) (allowing district judges to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge").

[5] Pet. at 8; Notice Appear, ECF No. 6-1.

[6] Pet. at 8.

and Customs Enforcement ("ICE") arrested Petitioner in the interior of the country, charged him with entering the country without being admitted or paroled, and placed him in removal proceedings.[7]

On September 4, 2025, an immigration judge ("IJ") ordered that Petitioner be "released from custody under bond of $3,000.00."[8]  Less than a week later, however, the IJ revoked Petitioner's bond in response to the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure-Hurtado*.[9]  That BIA decision adopted the Department of Homeland Security's ("DHS") position that Section 1225(b)(2) of the Immigration and Nationality Act ("INA")[10] applies to noncitizens arrested within the interior of the United States.[11]  That's important because Section 1225(b)(2) mandates detention, whereas Section 1226(a)—which DHS

---

[7] *Id.*; Resp'ts' Resp., ECF No. 6, at 3.

The Court is unclear from the record how to reconcile Petitioner's June 27, 2025 entry and subsequent detainment with his lawful permanent resident status.  *See* Pet. at 8 ("On June 27, 2025, [Petitioner] entered without inspection . . ."); Notice to Appear at 1 (charging Petitioner with entering the country without inspection); Resp'ts' Resp. at 1 (noting that Petitioner is a "lawful permanent resident").

That ambiguity, however, doesn't change the Court's conclusion that Section 1225(b)(2) doesn't apply to Petitioner.  *See infra* at 5–7.

[8] IJ Order Grant Bond, ECF No. 1-2.

[9] IJ Order Revoke Bond, ECF No. 1-3 (revoking bond "because [n]o jurisdiction, per Matter of Yajure-Hurtado, 29 I&N Dec. 216 (BIA 2025))".

[10] 8 U.S.C. § 1101 *et seq.*

Unless otherwise stated, the Court's references to "Sections" refer to sections of the INA.

[11] *See Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216, 216 (BIA 2025) ("Based on the plain language of section 235(b)(2)(A) of the Immigration and Nationality Act, 8 U.S.C. § 1225(b)(2)(A) (2018), Immigration Judges lack authority to hear bond requests or to grant bond to aliens who are present in the United States without admission.")

*See also ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, American Immigration Lawyers Association, https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission (last visited Dec. 29, 2025) (displaying DHS memo explaining revised position on INA detention authorities).

previously argued applied to noncitizens detained inside the country—prescribes a discretionary detention framework.[12]

Petitioner has been held without bond ever since—ostensibly, under the authority of Section 1225(b)(2).[13]  This, he claims, violates (1) the INA because Section 1226(a) applies instead, (2) substantive and procedural due process under the Fifth Amendment, and (3) the Administrative Procedure Act, 5 U.S.C. § 706(2) ("APA").[14]  Petitioner therefore filed the instant Petition on October 16, 2025 seeking a writ of habeas corpus requiring his release.[15]

Respondents oppose the Petition on two primary bases.[16]  First, Respondents argue that various INA jurisdiction-stripping provisions preclude the Court from hearing the Petition.[17] Second, Respondents argue that, regardless of the jurisdictional issues, Section 1225(b)(2) applies to Petitioner and comports with due process.[18]

---

[12] *Compare* 8 U.S.C. § 1225(b)(2) (providing that noncitizens "shall be detained" pending removal proceedings), *with id.* § 1226(a)(2) (allowing the Attorney General to release noncitizens "on bond . . . or conditional parole" pending removal proceedings).

[13] Pet. at 8; *see generally* Resp'ts' Resp.

[14] Pet. at 7–8.

[15] *Id*. at 9.

[16] Resp'ts' Resp. at 2–11.

[17] *See id*. at 8–9 (arguing that 8 U.S.C. §§ 1225(b)(4), 1252(b)(9), and 1252(g) preclude the Court's review).

[18] *See id.* at 2–11.

On October 21, 2025, the Court referred the Petition to Judge Castañeda,[19] who issued an R. & R. on November 21, 2025.[20]  In that R. & R., Judge Castañeda determined that (1) the Court has jurisdiction to review the Petition[21]; and (2) Petitioner's detention without bond violates the APA.[22]  Thus, he recommended that the Court grant the Petition and order Respondents to allow Petitioner to post bond to secure his release.[23]

Respondents timely objected to Judge Castañeda's recommendations on December 5, 2025.[24]  In their objections, Respondents (1) reiterated their position that the Court doesn't have jurisdiction to review the Petition;[25] and (2) argued that APA claims are not "within the province of habeas."[26]  The Court will review those portions of Judge Castañeda's R. & R. *de novo*.[27]

---

[19] *See* Referral Order.

[20] *See* R. & R.  Judge Castañeda also issued a separate R. & R. on Petitioner's Emergency Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 11).  *See* TRO R. & R., ECF No. 14.  The Court accepted that R. & R. in full.  *See* Order Accept TRO R. & R. In Full, ECF No. 17.

[21] *Id.* at 3–5.

[22] *Id.* at 5–9.

[23] *Id.* at 9–10.

[24] *See* Resp'ts' Objs. R. & R., ECF No. 16; *see also* 28 U.S.C. § 636(b)(1) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."); W.D. Tex. L.R. App'x C, Rule 4(b) ("Any party may object to a magistrate judge's proposed findings, recommendations or report . . . within 14 days after being served with a copy thereof.").

[25] *See* Resp'ts' Objs. R. & R. at 1.

[26] *See id.* at 2.

[27] *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").

## II.    DISCUSSION

Regardless of whether the Court conducts its review under the INA or APA, the statutory issue here is whether Section 1225(b)(2)—governing "applicants for admission" who are "seeking admission" to the United States[28]—applies to noncitizens who are already in the country.[29]  Again, this matters because Section 1225(b)(2) mandates detention, whereas other provisions (Section 1226(a), for example) do not.[30]

This isn't the first time that this Court has been asked to determine whether Section 1225(b)(2) applies to noncitizens who are already in the United States after entering without inspection.  In *Alvarado Luna v. Warden*, this Court determined that (1) the INA's jurisdiction-stripping provisions don't preclude the Court from reviewing detention challenges brought under the INA's statutory framework or the Constitution; and (2) Section 1225(b)(2) doesn't apply to noncitizens who are already in the country.[31]  On those bases, the Court granted that petitioner a writ of habeas corpus and ordered his release.

The issues here are similar to those in *Alvarado Luna*.  Like *Alvarado Luna*, ICE detained Petitioner in the interior of the United States, and DHS charged him with entering without

---

[28] *See* 8 U.S.C. § 1225(b)(2); *see also Pineda v. Noem*, No. 5:25-CV-01518-XR, 2025 WL 3471418, at *5 (W.D. Tex. Dec. 2, 2025).

[29] *See* 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("[Section] 1226 applies to aliens already present in the United States.").

[30] *Compare* 8 U.S.C. § 1225(b)(2) (providing that noncitizens "shall be detained" pending removal proceedings), *with id.* § 1226(a)(2) (allowing the Attorney General to release noncitizens "on bond . . . or conditional parole" pending removal proceedings).

[31] *See generally* Order Granting Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-CV-565-DCG (W.D. Tex. Dec. 29, 2025), ECF No. 10 [hereinafter *Alvarado Luna* Order].

inspection.[32]  Petitioner asserts that Section 1225(b)(2)'s mandatory detention scheme doesn't apply to him,[33] and Respondents countered with near identical arguments as in *Alvarado Luna.*[34]

Having already rejected Respondents' arguments in *Alvarado Luna*,[35] the Court sees no reason to alter course here.  Rather than parrot those conclusions, the Court incorporates by reference its jurisdictional and statutory discussion in *Alvarado Luna* and concludes that (1) the Court has jurisdiction to adjudicate the Petition; and (2) Petitioner's detention under Section 1225(b)(2) is unlawful.[36]  And because, like in *Alvarado Luna*,[37] Respondents haven't identified a valid alternate source of statutory authority to detain Petitioner,[38] the Court will grant the Petition and order Petitioner's release.[39]

Resultingly, the Court accepts Judge Castañeda's recommendations that the Court find jurisdiction and grant the Petition.[40]  The Court, however, modifies the R. & R. such that the Court will grant the Petition based on Respondents' unlawful application of Section

---

[32] *See id.* at 21; Pet. at 8.

[33] Pet. at 7–8.

[34] *Compare* Resp'ts' Resp., *with* Federal Respondents' Response to Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-CV-565-DCG (W.D. Tex. Dec. 1, 2025), ECF No. 4.

[35] *See generally Alvarado Luna* Order, *supra* note 31.

[36] *See id*.

[37] *See id.* at 22.

[38] *See generally* Resp'ts' Resp.

At this time, the Court takes no position regarding whether it would be lawful to re-detain Petitioner under Section 1225(b)(1), Section 1226, or some other source of law.  Section 1225(b)(2) is the only detention authority that Respondents invoked in their briefing.  *Id.*; *see also* Resp'ts' Objs. R. & R.

[39] *See, e.g.*, *Pineda v. Noem*, No. 5:25-CV-01518-XR, 2025 WL 3471418, at *6 (W.D. Tex. Dec. 2, 2025) (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n. 23 (D. Mass. 2025)).

[40] *See* R. & R. at 3–5, 9–10.

1225(b)(2).[41]  Because Respondents' violation of the INA entitles Petitioner to habeas relief, the Court declines to reach his due process claim.[42]  The Court similarly declines to decide whether Petitioner would be entitled to relief under the APA.[43]

## III.    CONCLUSION

Thus, after careful consideration of the entire record and the R. & R., the Court **ACCEPTS** Judge Castañeda's "Report and Recommendation" (ECF No. 15) **WITH MODIFICATIONS**.[44]  The Court **GRANTS** the Petition (ECF No. 1) and **ORDERS** that:

1.  On or before **January 2, 2026**, Respondents shall **RELEASE** Petitioner from custody, under reasonable conditions of supervision.[45]

2.  On or before **January 2, 2026**, Respondents shall **NOTIFY** the Court of whether Petitioner has been released from custody.

3.  There will be no extensions to the **January 2, 2026 deadlines**.

4.  If Respondents re-detain Petitioner, they must do so in accordance with governing law, rather than under the putative authority of 8 U.S.C. § 1225(b)(2).

---

[41] *See supra* at 5–6.

[42] *See United States v. Mendiola*, 42 F.3d 259, 260 (5th Cir. 1994) ("It goes without saying that we have a 'strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration.'" (first citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 154 (1979); then citing *Three Affiliated Tribes v. Wold Eng'g, P.C.*, 467 U.S. 138, 157–58 (1984))).

[43] *See generally* R & R (recommending that the Court grant the Petition on APA grounds).

[44] *See supra* note 4.

[45] *See* 8 U.S.C. § 1231(a)(3) (requiring, as relevant here, that the alien "appear before an immigration officer periodically for identification," "give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate," and "obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien").

5. If Respondents re-detain Petitioner, they shall **NOTIFY** the Court **within one day** after such re-detention.  That notice shall **STATE** the detention authority under which Respondents detained Petitioner.  If Petitioner is eligible for a bond hearing under 8 U.S.C. §§ 1226(a) and (c), that notice shall also **CONFIRM** the date and time on which the bond hearing will take place, not to exceed **ten days after his re-detention**.

6. The District Clerk shall **SERVE** copies of this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[46]

**So ORDERED and SIGNED this 30th day of December 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[46] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").